10-544-ag
Arias-De Alvarado v. Holder

BIA
Brennan, IJ
A098 722 754
A098 722 755
A098 722 756

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of April, two thousand eleven.

PRESENT:
RALPH K. WINTER,
ROGER J. MINER,
ROBERT A. KATZMANN,
        *Circuit Judges*.

_____

EMILIA ARIAS-DE ALVARADO, CINDY MARILUZ ALVARADO-ARIAS, JUAN CARLOS ARGETA-ARIAS,
        *Petitioners*,

        v.                                10-544-ag
                                          NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:      Andrew P. Johnson, Law Office of Andrew P. Johnson, New York, N.Y.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Carl H. McIntyre, Assistant Director; John J. W. Inkeles, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED and the case REMANDED for further proceedings consistent with this order.

Petitioners, natives and citizens of El Salvador, seek review of a January 15, 2010 order of the BIA vacating the February 27, 2008 decision of Immigration Judge ("IJ") Noel A. Brennan, which granted their application for asylum. *In re Emilia Arias-De Alvarado*, Nos. A098 722 754/755/756 (B.I.A. Jan. 15, 2010), *vacating* Nos. A098 722 754/755/756 (Immig. Ct. N.Y. City Feb. 27, 2008).  We assume the parties' familiarity with the underlying facts and procedural history of this case.

In the circumstances of this case, this Court reviews the decision of the BIA only.  *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  We review the agency's factual findings for substantial evidence.  *See* 8 U.S.C. § 1252(b)(4)(B)(2006); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).  We review *de novo* questions of law and the application of law to undisputed fact.  *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Substantial evidence does not support the BIA's determination that Arias-De Alvarado's purported social group, single mothers without male protection, is not cognizable under the Immigration and Nationality Act.  The BIA has long interpreted the term "social group" to mean "a group of persons all of whom share a common, immutable characteristic."  *Matter of Acosta*, 19 I. & N. Dec. 211, 233 (B.I.A. Mar.1, 1985).  A cognizable social group must (1) exhibit a shared characteristic that is socially visible to others in the community and (2) be defined with sufficient particularity.  *See In re A-M-E & J-G-U-*, 24 I. & N. Dec. 69, 74-76 (B.I.A. Jan.31, 2007) *aff'd by Ucelo-Gomez v. Mukasey,* 509 F.3d 70, 73 (2d Cir. 2007) (per curiam).  Here, the BIA's finding that the purported group lacked the requisite social visibility or particularity is not supported by any explanation or analysis.  *See Beskovic v. Gonzales,* 467 F.3d 223, 227 (2d Cir. 2006) (holding that the Court requires a "certain minimum level of analysis from [agency decisions] denying asylum, and indeed must require such if judicial review is to be meaningful") (quoting *Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005)).

Moreover, although the BIA observed that Arias-De Alvarado's "status as a single female parent without a male figure to protect her may have made her more vulnerable," App. 4, the BIA does not appear to have considered whether her status was a "central reason" why she was targeted. *See* 8 U.S.C. § 1158(b)(1)(B)(i)(2006) (providing that "the applicant must establish that [a protected ground] was or will be at least one central reason for" the claimed persecution)*; see also Osorio v. INS*, 18 F.3d 1017, 1028 (2d Cir. 1994) (holding that "[t]he plain meaning of the phrase 'persecution on account of the victim's political opinion,' does not mean persecution *solely* on account of the victim's political opinion")(emphasis in original).

Because the BIA has not provided sufficient analysis for our review to be meaningful, remand is appropriate. *See Beskovic,* 467 F.3d at 227.

For the foregoing reasons, the petition for review is GRANTED and the case REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4